IN THE UNITED STATES OF AMERICA

FOR THE DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| RICKEY LEE YOUNG, JR. | § | |
| Petitioner, | § | |
| | § | CASE NO. 23-4151 |
| v. | § | |
| | § | (U.S.D.Ct. No. 4:22-cr-40031-2) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | (Honorable Judge Schreier Presiding) |

MEMORANDUM WITH POINTS AND AUTHORITIES IN SUPPORT OF § 2255 MOTION
TO VACATE - SET ASIDE - OR CORRECT SENTENCE

COMES NOW, Petitioner, Rickey Lee Young, Jr. ("YOUNG"), acting in pro se (pro per), HEREBY NOW submits this Motion and Memorandum With Points and Authorities in Support of § 2255 Motion pursuant to 28 U.S.C. § 2255. YOUNG FURTHER PRAYS that this Court construe this pleading liberally in light of Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(holding that, "pro se litigants are to be held to a lesser standard of review than lawyers who are formerly trained in the law, and are entitled to a liberal construction of their pleadings.")

I. FACTS

1) Young is currently incarcerated at the FCC-Yazoo City MEDIUM USP in Yazoo City, Mississippi;

2) Young was sentenced to 151 months after being Careered Out under § 4B1.1 Career Offender Statute for two prior drug offenses and convictions that resulted in an enhanced sentence from 60-months (mandatory minimum of 5 years to 40 years);

3) Young had signed a Plea Agreement agreeing to the Plea of guilty to Count I of the Indictment which involved Conspiracy to Possess

With Intent To Distribute 28 Grams or More of Cocaine Base (Crack Cocaine); in violation of 21 U.S.C. §°846 and 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B);

    4) Young was held responsible for 100. Grams of Cocaine Base;

    5) Young's Base Offense Level was calculated at 24 less 3 Levels for his Acceptance of Responsibility, Criminal History Category III, or a Guideline Range of 46 to 57 months;

    6) Because Young was facing the minimumu 60 month sentence, this is what he had agreed to with his Counsel of Record, Alex Hanging, when signing his Plea Agreement;

    7) Young's co-denfendants all received 60-month sentences;

    8) Upon receiving a 151 month term of imprisonment, Young immediately asked Counsel of Record to file a Notice of Appeal upon receiving a term of imprisonment that Counsel had misinformed him he would be serving;

    9) Young had concerns with his Breach of Plea in his Plea Agreement;

    10) Young had concerns with being enhanced under a statute that used a prior predicate conviction from the state of Missouri that did not qualify as a serious drug offense under the First Step Act of 2018's Section 401's new definition of serious drug offense;

    11) Young also had concerns with the major disparity between his 151-month sentence and his co-defendant's 60-month sentences;

    12) Young had wrote and tried to call Counsel and his family had tried to contact Counsel via telephone;

    13) Both family and Young could not get a hold of Counsel, leaving numerous messages to vever be returned;

    14) Finally, Young's family members contacted the Clerk of the

Court in the Circuit and discovered that there were no _Appeals_ pending on _Appeal_ with Young's name or US District Court Case Number;

15) Upon discovering that no _Appeal_ was pending in the Circuit Court, Young wrote the Court Clerk in the US District Court and requested for a _Court Docket_ and a _§ 2255 Petition/Form_ to file a _Motion to Vacate, Set-Aside, or Correct his Sentence_ under _28 U.S.C. § 2255_;

Based on the foregoing and under penalty of perjury pursuant to _28 U.S.C. § 1746_, the foregoing is true and correct to the best of Young's knowledge, and Young now contends the following:

## II. INEFFECTIVE ASSISTANCE OF COUNSEL - TRIAL

### (A) Counsel's Failure To File A Notice of Appeal -

When Counsel of Record disregarded specific instructions to file a criminal appeal for Young, Counsel deemed to now have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 477, 484-85; U.S. v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003).

If defendant, like Young, requests and appeal, counsel must file a timely notice of appeal. If counsel believes thtat after conscientious examination that an appeal is wholly frivolous, he must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In Young's case, Young specifically requested that a Notice of Appeal be filed because he was sentenced to (1) a sentence that he did not agree to of 151-month sentence as opposed to what Counsel had informed him that he would be serving of 60-month term of imprisonment; (2) did not agree to any Career Offender Statute enhancement that resulted in a 151-month sentence (enhancing his sentence by 91-months or another 71/2 years; (3) the disparity of his sentence and his co-defendants; and (4) his prior State of Missouri conviction and whether or not it qualified as a serious drug offense pursuant to the First Step Act of 2018's definition of serious drug offense under the Career Offender Statute.

When Young discovered that his Appeal was not pending and that a Notice of Appeal was not filed, counsel's performance fell below a standard of reasonableness and deficiency that prejudiced Young by now forfeiting any appellate proceedings altogether, a right to that proceeding that Young was entitled to. See Garza v. Idaho, Case No. 17-1026 (2/26/2019).

(B) THE § 2255 REMEDY TO ALLOW AN-OUT-OF-TIME-APPEAL -

Under § 2255, if a court finds a sentence or conviction is unconstitutional, it shall "vacate and set the judgment aside and shall [1] discharge the prisoner or [2] resentence him or [3] grant a new trial or [4] correct the sentence." 28 U.S.C. § 2255. In U.S. v. West, 240 F.3d 456 (5th Cir. 2001), the court recognized that § 2255 does not expressly allow a court to vacate the judgment and then reimpose it to allow an appeal as a remedy; however, it also "is not prohibited by § 2255." The court then clarified that a district court may fashion a § 2255 remedy to allow an out-of-time appeal by vacating the judgment, and then dismissing all remaining claims in the motion without prejudice (to allow them to be raised again in a later motion). Therefore, this court may grant an out-of-time appeal due to counsel's failure to file a requested appeal. See Fed. R. App. P. 4(b)(1)(A)(i) Notice of Appeal Rule 4(a)(1)(B); (4)(a)(4); (4)(c); (4)(b)(1) Out of time Notice of appeal; 28 U.S.C. § 1291; Rodney Nelson v. U.S., 2023 U.S. App. LEXIS 5558 (11th Cir. 3/10/2023); Dillard v. U.S., No. 3:17-cv-3307 (N.D. Tex).

(C) ISSUES ON APPEAL / ISSUES ON § 2255 -

Under Flores-Ortega, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's failure to consult with him about an appeal because of a deficient performance, he wuold have timely appealed." In determining this, the Supreme Court held that "evidence that there wre nonfrivolous grounds for appeal...will often be highly relevant." Flores-Ortega, 528 U.S. at 485, 120 S.Ct. 1029. But, "a defendant's inability to 'specify the points he would raise were his right to appeal was reinstated,' will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed."

In Young's case, the facts cited clearly reflect and demonstrate

the issues that Young was concerned with and the reasons why he had specifically requested Counsel to file an appeal.

On a § 2255 those issues would be raised under Counsel of Record's ineffectiveness and Due Process violations (5th and 6th Amendment Violations). [See Strickland v. Washington].

### III. CLOSING

THEREFORE, based on the foregoing, and under penalty of perjury pursuant to 28 U.S.C. § 1746, Young now requests that this Court GRANT this § 2255 Petition by VACATING JUDGMENT, REINSTATE the same JUDGMENT and allow an OUT-OF-TIME APPEAL by then preserving Young's right to raise issues on a future § 2255 Motion, all in the interest of justice and prevent a fundamental miscarriage of justice. In the alternative, this Court may GRANT an EVIDENTIARY HEARING for further proceedings. See Orneth South v. U.S., 2023 U.S. Dist. LEXIS 27192 (D. Md. 2/16/23); Miqueal Harwell v. U.S., 2023 U.S. Dist. LEXIS 18991 (E.D. MO. 2/6/23).

EXECUTED and SIGNED on this 1st day of September, 2023.

_____
Rickey Lee Young, Jr.
Movant/Petitioner
IN PRO PER/Affiant