UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RICKEY LEE YOUNG, JR.,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:23-CV-04151-ECS<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS |

Movant Ricky Lee Young Jr. ("Young") moved under 28 U.S.C. § 2255, to vacate, correct, or set aside his sentence of 151 months' imprisonment. Docs. 1, 13. The sole basis Young asserts for relief is ineffective assistance of counsel. His motion was referred to Magistrate Judge Veronica L. Duffy for a Report and Recommendation (R&R) pursuant to 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1. Judge Duffy's R&R recommends this Court dismiss Young's motion because, contrary to court order, he has failed to sign and return an attorney-client privilege waiver form.

I.  **Background**

Young pleaded guilty to one count conspiracy to distribute 28 grams or more of a mixture or substance containing cocaine base—a Schedule II controlled substance. CR Docs. 37, 42.[1] This offense carries a five-year mandatory minimum and a statutory maximum term of forty

---

[1] Citation to docket entries from Young's underlying criminal prosecution, United States v. Young, 4:22-cr-40031-KES (D.S.D.), will be cited as "CR Doc." followed by the relevant docket entry number and page number if applicable. Citations to filings in this civil habeas case will be cited as "Doc." followed by the relevant docket entry number and any pertinent page numbers.

1

years' imprisonment. CR Doc. 47 ¶ 78. Young's sentencing guidelines range was calculated as 188 to 235 months' imprisonment. Id. ¶ 79. His guideline range included a career offender enhancement under United States Sentencing Guidelines ("USSG") § 4B1.1(b)(2) for two prior controlled substance convictions, including: (1) a second-degree drug trafficking conviction from December 2001 in the Jackson County Circuit Court, Kansas City, Missouri; and (2) possession with intent to distribute cocaine from May 2011 in the United States District Court for the Western District of Missouri. Id. ¶¶ 35, 44–45.

Prior to sentencing, Young's trial counsel, Alex Hagen ("Hagen"), moved for a downward departure or variance seeking a sentence of no longer than 142 months' imprisonment. CR Doc. 45. Hagen argued that Young's 2001 drug-trafficking conviction would have been beyond the USSG's 15-year look-back period if not for a parole revocation in 2008. CR Doc. 45-1 at 5. The conduct underlying his parole revocation in 2008 also led to his 2011 federal felony conviction. Id. Although Hagen conceded that Young met the criteria for the career offender enhancement under USSG § 4B1.1(b)(2), he argued that Young would not have experienced the career offender enhancement but for the conduct leading to both his parole revocation and the new federal felony, and the guidelines range failed to consider the same conduct underlying two qualifying offenses. Id. Without the career offender enhancement, Young's guidelines range would have been 57 to 71 months rather than 188 to 235 months. Id. at 6. The district court ultimately sentenced Young to 151 months' imprisonment, a term well below his guideline range. CR Doc. 50 at 2. Young did not appeal his sentence or guilty plea.

On October 3, 2023, Young moved to vacate his sentence under 28 U.S.C. § 2255. Docs. 1, 2. Young's § 2255 motion alleged a single claim of ineffective assistance of counsel based on Hagen having failed to file a notice of appeal, despite Young allegedly instructing him to do so.

2

Doc. 1. Accordingly, Young requests that this Court vacate and then reimpose its judgment so he can appeal his sentence. Doc. 2 at 5–6.

Because Young's ineffective assistance of counsel claim concerns matters outside the record, the United States sought an order directing Hagen to submit an affidavit responding to Young's claim. Docs. 6–7. The Court granted the United States' motion but first directed the Clerk of Court to mail Young an attorney-client privilege waiver form. Doc. 8 at 2–3. Under the Court's order, Hagen would have to submit his affidavit only after Young returned the form explicitly waiving his attorney-client privilege. Id. The order also warned Young that this Court would strike his ineffective assistance of counsel claim if he did not complete the waiver and return the completed waiver form to the Clerk of Court's Office for filing by October 24, 2023. Id. Because his motion raised only the one ineffective assistance of counsel claim, striking it would necessarily result in his motion being dismissed. See Doc. 9. Young neither returned the waiver to the clerk's office nor sought to extend his deadline to do so.

After the deadline to return the waiver form lapsed, the Court entered the below order:

> The deadline for signing and returning the waiver to the court was October 24, 2023. Mr. Young has not signed and returned the attorney-client waiver form. Accordingly, in keeping with the notice provided in the court's prior order, Mr. Young is hereby notified that the court will not consider any claims based on ineffective assistance of counsel. Because Mr. Young has only asserted one claim for relief and that one claim is a claim for ineffective assistance of counsel, it appears Mr. Young's 2255 motion must be dismissed.

Id. (internal citations omitted). Following the Court's order, the United States moved to dismiss Young's petition without an evidentiary hearing. Doc. 11.

Young subsequently filed a pleading titled "Amended Motion To Vacate, Set Aside, or Correct Sentence," asserting a second claim of ineffective assistance of counsel. Doc. 13. His second claim alleged that Hagen was ineffective for not having argued that

3

Young's 2001 drug-trafficking offense did not qualify as a controlled substance offense under the USSG, and therefore he was wrongly subjected to the career offender sentencing enhancement. See id. at 2, 6–12. Despite raising a second ineffective assistance of counsel claim, Young continued to not return the attorney-client privilege waiver form.

Shortly after the United States moved to dismiss, Judge Duffy issued her R&R, recommending this Court dismiss Young's § 2255 motion because he has not waived his attorney-client privilege as it relates to his two ineffective assistance of counsel claims. Doc. 14 at 4–6. Judge Duffy reasoned that Young's decision to not formally waive his attorney-client rebuts the implied waiver often associated with ineffective assistance of counsel claims. Id.; see Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (noting that a client impliedly waives their attorney-client privilege when claiming their attorney was ineffective).

## II. Standard of Review

A United States magistrate judge considering a dispositive motion, such as the United States' motion to dismiss, makes proposed findings of fact and a recommendation as to the disposition of the motion in the form of a report and recommendation. Fed. R. Civ. P. 72(b)(2); see Rule 10, Rules Governing Section 2255 Proceedings ("A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636.") Either "party may serve and file *specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). When one of the parties timely files written objections to the magistrate judge's report and recommendation, the district court judge must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3); H.R. Rep. No.

94-1609, at 3 (1976) (amending 28 U.S.C. § 636(b) to clarify when a judge must review a recommendation de novo and specifying "that the district judge in making the ultimate determination of the matter, would have to give fresh consideration *to those issues to which specific objections [have] been made* by a party" (emphasis added)), reprinted in 1976 U.S.C.C.A.N. 6162, 6163, 1976 WL 14069. The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). But when no objections are made, or the objections are general or conclusory, the court need only review the magistrate judge's recommendation for clear error. See Alvarez Sosa v. Barr, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) ("[O]bjections that simply reiterate the original arguments, without identifying a specific error in the report and recommendation, *e.g.*, why a specific finding or conclusion is faulty or the magistrate judge erred in rejecting a specific argument, are reviewed under the clear error standard.").

Young filed a document titled "Objections To Report and Recommendation Disposition," but his objections are neither specific nor responsive to any portion of the R&R. Doc. 16. Objections are specific when they are clearly aimed at a particular finding in the magistrate judge's proposal. Wrightel v. Bishop, 21-CV-1082, 2024 WL 3219063, at *1 (N.D.N.Y. June 28, 2024) (citing DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009)). Conclusory or general objections that simply reiterate the objecting party's original argument will not trigger de novo review. Id. (citing N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018)).

Here, Young does not object to any portion of Judge Duffy's findings or recommendations, and Young's objections altogether ignore the attorney-client privilege waiver issue—the sole basis of Judge Duffy's recommendation. See Doc. 16. Instead, he reiterates a

refined version of the USSG argument first asserted in his amended motion to vacate, correct, or set aside sentence. Doc. 16 at 4–5. Because Young's objections are neither specific nor responsive to the R&R, they are not entitled to de novo review. See Alvarez Sosa, 369 F. Supp. 3d at 497. Even so, after reviewing the R&R de novo, this Court agrees with its analysis and adopts it in its entirety. The Court does, however, wish to supplement the R&R with the discussion below.

### III. Discussion

#### A. Amended Motion to Vacate, Correct, or Set Aside Sentence

As earlier mentioned, Young filed an "Amended Motion To Vacate, Set Aside, or Correct Sentence," in which he alleges a second ineffective assistance of counsel claim. Doc. 13. In doing so, however, Young did not comply with the Federal Rules of Civil Procedure. See Rule 12, Rules Governing Section 2255 Proceedings (stating the Federal Rules of Civil Procedure apply to § 2255 cases to the extent that they "are not inconsistent with any statutory provisions or these rules"). Under Rule 15(a) of the Federal Rules of Civil Procedure, "A party may amend its pleading once as a matter of course [no later than] . . . 21 days [after] serving it. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Campbell v. United States, 4:16-CV-04030-KES, 2017 U.S. Dist. LEXIS 133742, at *5 (D.S.D. Aug. 22, 2017) (internal citations omitted) (quoting Fed. R. Civ. P. 15(a)(1), (2)); see also Mayle v. Felix, 545 U.S. 644, 663 (2005) ("Under [Rule 15(a) of the Federal Rules of Civil Procedure], once a responsive pleading has been filed, a prisoner may amend [his motion] only by leave of court or by written consent of the adverse party." (internal quotation marks omitted)). Young filed his amended motion 69 days after filing his first § 2255 motion and after the United States had already responded by moving to dismiss. See Docs. 1, 6,

11, 12, 13. Thus, to file an amended § 2255 motion, Young needed to seek leave from this Court or obtain the United States' consent. He did neither. Consequently, the Court will not consider Young's amended motion.

Even though courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), justice does not require it here. Even if this Court were to consider Young's amended motion, because it merely alleges a second ineffective assistance of counsel claim, it would not cure the deficiencies discussed in the R&R or reiterated below: Young's decision to not waive his attorney-client privilege, despite this Court's warning that failing to do so would result in his motion being dismissed. Therefore, no matter which motion this Court reviews, the result would be the same.

### B. Dismissal of Young's § 2255 Motion

For the reasons more thoroughly explained in the R&R, Doc. 14, this Court agrees that Young's § 2255 motion should be dismissed. Based on these facts before the Court, the only reasonable inference to be drawn from Young's failure to return the waiver is that he does not consent to waiving his attorney-client privilege. Ordering Hagen to respond to Young's claims when Young demonstrated an unwillingness to waive his attorney-client privilege would violate Young's independent privilege to confidentiality. Young has received ample notice of the consequences for choosing not to return the completed waiver form. Docs. 8, 9, 14. Thus, dismissal of his motion is proper.

This Court also finds dismissal appropriate under Federal Rule of Civil Procedure 41(b), which allows district courts to dismiss an action if the plaintiff flouts a court's order. Fed. R. Civ. P. 41(b); Brown v. Frey, 806 F.2d 801, 803–04 (8th Cir. 1986); Jones v. United States, 4:21-CV-04161-LLP, 2022 WL 4131108, at *1 (D.S.D. Sept. 12, 2022). The same rule allows district

courts to dismiss an action for failure to prosecute. Jones, 2022 WL 4131108, at *1. The power to dismiss an action under Rule 41(b) arises from its inherent authority to control its docket and prevent undue delay in pending cases. Id. (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962) (discussing the district court's power to dismiss sua sponte under Rule 41(b)).

At the same time, this Court recognizes that a dismissal under Rule 41(b) is "among the harshest of sanctions," Sentis Grp., Inc. v. Shell Oil Co., 559 F.3d 888, 899 (8th Cir. 2009), and should be reserved for "when there has been a clear record of delay or contumacious conduct by the plaintiff," DiMercurio v. Malcom, 716 F.3d 1138, 1140 (8th Cir. 2013) (cleaned up). Young's case is 14-months old. See Doc. 1. He has twice disregarded the Court's order instructing him to complete and return the attorney-client privilege waiver form this Court had mailed to him. Docs. 8, 9. Considering the multiple opportunities Young has been given to submit his waiver form and not done so, this Court can only infer that he desires not to waive that privilege. Moreover, because the sole allegation stated in Young's § 2255 motion (both the original and the amended) is ineffective assistance of counsel, his decision to not waive attorney-client privilege has brought his case to a standstill. In short, Young has chosen not to prosecute his case. See Jones, 2022 WL 4131108, at *1. Therefore, Young's § 2255 motion alleging one count of ineffective assistance of counsel will be dismissed for want of prosecution resulting from him choosing not to comply with this Court's order, which directed him to fill out and return his attorney-client privilege waiver form.

**IV.    Conclusion**

Therefore, it is hereby

ORDERED that Rickey Lee Young Jr.'s objections, Doc. 16, are overruled and that the Report and Recommendation, Doc. 14, is adopted. It is further

ORDERED that the United States' Motion to Dismiss, Doc. 11, is granted. It is further

ORDERED that Young's Motion to Vacate, Correct, or Set Aside Sentence, Doc. 1, and Amended Motion to Vacate, Correct, or Set Aside Sentence, Doc. 13, are denied and this matter is dismissed without prejudice. It is further

ORDERED that Young's Motion to Take Judicial Notice of Adjudicative Facts, Doc. 17, be denied as moot. It is further

ORDERED that based on the reasons set forth above and under Fed. R. App. P. 22(b), the Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is denied. It is finally

ORDERED that the Clerk of Court shall send Young a copy of this Order.

DATED this 4 day of December, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE