UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RICKEY LEE YOUNG, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 4:23-CV-04151-ECS<br><br><br>ORDER GRANTING MOTION FOR RECONSIDERATION |

"A smart man knows when he is right; a wise man knows when he is wrong. Wisdom does not always find me, so I try to embrace it when it does—even if it comes late, as it did here." Thomson Reuters Enter. Ctr. GMBH v. Ross Intel. Inc., 20-cv-613, 2025 WL 458520, at *1 (D. Del. Feb. 11, 2025) (Bibas, J., sitting by designation). In that vein, this Court grants Petitioner Rickey Lee Young Jr.'s Motion for Reconsideration, Doc. 23, and orders the United States to respond to the ineffective assistance of counsel claim Young asserts in his Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 13.

I.  **Background**

On December 4, 2024, this Court dismissed Young's Motion to Vacate, Correct, or Set Aside Sentence, Doc. 1, and his Amended Motion to Vacate, Correct, or Set Aside Sentence, Doc. 13. Young's original § 2255 motion alleged a single claim of ineffective assistance of counsel based on his attorney having failed to file a notice of appeal, despite Young allegedly instructing him to do so. Doc. 1; Doc. 20 at 2. Because this ineffective assistance of counsel claim concerned matters outside the record, the United States sought an order directing Young's

1

attorney to submit an affidavit responding to Young's claim. Doc. 20 at 3. This Court granted the United States' motion but first directed the Clerk of Court to mail Young an attorney-client privilege waiver form. Doc. 20 at 3; Doc. 8 at 2–3. Under the order, Young's attorney would have to submit his affidavit only after Young returned the form explicitly waiving his attorney-client privilege. Doc. 20 at 3. The order also advised Young that this Court would strike his ineffective assistance of counsel claim if he did not complete the waiver and return the completed waiver form to the Clerk of Court's Office for filing by October 24, 2023. Doc. 20 at 3. Because his original motion raised only the one ineffective assistance of counsel claim, striking it would necessarily result in dismissal of his motion. See Doc. 9. Young neither returned the waiver to the clerk's office nor sought to extend his deadline to do so.

After the deadline to return the waiver form lapsed, the Court entered the below order:

> The deadline for signing and returning the waiver to the court was October 24, 2023. Mr. Young has not signed and returned the attorney-client waiver form. Accordingly, in keeping with the notice provided in the court's prior order, Mr. Young is hereby notified that the court will not consider any claims based on ineffective assistance of counsel. Because Mr. Young has only asserted one claim for relief and that one claim is a claim for ineffective assistance of counsel, it appears Mr. Young's 2255 motion must be dismissed.

Id. (internal citations omitted). Following the Court's order, the United States moved to dismiss Young's motion without an evidentiary hearing. Doc. 11.

Young then filed an "Amended Motion to Vacate, Set Aside, or Correct Sentence," asserting a second ineffective assistance of counsel claim. Doc. 13. This second claim alleged that his attorney was ineffective for not having argued that Young's Missouri state conviction for second-degree drug trafficking did not qualify as a predicate controlled substance offense for a career offender enhancement under the United States Sentencing Guidelines. See id. at 2, 6–12;

2

U.S.S.G. §§4B1.1–4B1.2. Despite raising a second ineffective assistance of counsel claim, Young continued to not return the attorney-client privilege waiver form.

In response to the United States' Motion to Dismiss, the magistrate judge's report recommended this Court dismiss both of Young's motions because he did not waive attorney-client privilege for his two ineffective assistance of counsel claims. Doc. 14 at 4–6. In the Opinion and Order adopting the R&R, this Court reasoned that Young's decision to not formally waive his attorney-client privilege rebuts the implied waiver often associated with ineffective assistance of counsel claims. Doc. 20 at 4; see Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (noting that a client impliedly waives their attorney-client privilege when claiming their attorney was ineffective).

Shortly after this Court filed its Opinion and Order, Young filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), requesting this Court "reconsider its dismissal of his § 2255 motion." Doc. 23. Young argues that the ineffective assistance of counsel claim raised in his Amended Motion to Vacate, Set Aside, or Correct Sentence, Doc. 13, was erroneously dismissed because the claim can be addressed based solely on the record before the Court without an attorney-client privilege waiver form or a supplemental affidavit from trial counsel. Doc. 23 at 1–2. This Court agrees.

**II.    Legal Standard**

A litigant may bring a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) permits a party to move the court to alter or amend its judgment after it has been entered. Norman v. Ark. Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) ("[A]ny motion that draws into question the correctness of the [Court's] judgment is functionally a motion under [Fed. R. Civ. P. 59(e)]."). And unlike Rule 60(b), Rule 59(e) does not enumerate

specific grounds for relief, so district courts have broad discretion in reconsidering an issue. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fl. 1994); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 28101.1 (3d ed. 2012). "The Supreme Court has noted that [Rule] 59(e) was adopted 'to mak[e] clear that the district court possess the power to rectify its own mistakes in the period immediately following the entry of judgment.'" Norman, 79 F.3d at 750 (quoting White v. N.H. Dep't of Emp. Sec., 455 U.S. 445, 450 (1982)). A Rule 59(e) motion is appropriately granted "to correct a clear error of law" or "prevent a manifest injustice." GO Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 177 (4th Cir. 2007); Norman, 79 F.3d at 750; see also Walker v. McCaughtry, 72 F. Supp. 2d 1025 (E.D. Wis. 1999) (granting a Rule 59(e) motion for reconsideration of an ineffective assistance of counsel claim).

### III. Discussion

This Court was wrong to have dismissed Young's amended § 2255 motion for three reasons. First, Young's Amended Motion to Vacate, Set Aside, or Correct Sentence, Doc. 13, was timely under Federal Rule of Civil Procedure 15(a)(1)(B), which states, "A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." See United States v. Harrison, 469 F.3d 1216, 1217 (8th Cir. 2006) (noting that "[t]he Federal Rules of Civil Procedure govern [§] 2255 motions" and applying Rule 15(a)); United States v. Reichel, No. 14-cr-0298, 2020 WL 4727435, at *1 (D. Minn. Aug. 14, 2020) (stating that Fed. R. Civ. P. 15(a)(1)(B) applies to § 2255 motions). The United States filed a Rule 12(b) motion to dismiss on November 20, 2023. Doc. 11. Young filed his amended motion on December 12, 2023,

4

exactly 21 days after service of the United States' Rule 12(b) motion.[1] Doc. 13. Thus, contrary to this Court's earlier statement, Doc. 20 at 6–7, Young's amended motion was timely, and he did not need this Court's leave before filing it.

Second, unlike Young's first ineffective assistance of counsel claim, his second claim neither implicates nor hinges on privileged communications between himself and his attorney, therefore rendering the waiver of attorney-client privilege unnecessary. As a result, this Court can address Young's second ineffective assistance of counsel claim based solely off the record in United States v. Young, 4:22-CR-40031-2. "Recognizing the strong preference in the law for merits-based determinations of cases," Johnson v. United States, No. 22-CV-430, 2023 WL 11983785, at *1 (M.D. Penn. Feb. 6, 2023), this Court believes it was incorrect to dismiss Young's second ineffective assistance of counsel claim for failing to return an attorney-client privilege waiver form, despite his failure to comply with this Court's many orders to do so.

Third, at first blush, Young's second ineffective assistance of counsel claim may carry weight, and this Court feels that it would be manifestly unjust to cast the claim aside without addressing its merits. Innovative Home Health Care v. P.T.-O.T. Assocs., 141 F.3d 1284, 1288 (8th Cir. 1998) (Courts have "the power to revisit [their] prior decisions when the initial decision was clearly erroneous and would work a manifest injustice." (cleaned up)); cf. United States v. Key, 172 F. App'x 704 (8th Cir. 2006) (vacating remand for resentencing after United States conceded that Missouri conviction for second-degree drug trafficking did not satisfy the elements

---

[1] Applying the prison mailbox rule, Young's amended § 2255 motion was almost certainly filed earlier than 21 days after the United States' Motion to Dismiss. "Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline." Harrison, 469 F.3d at 1217.

of a controlled substance offense under U.S.S.G. §4B1.2(b)). But before ruling on the merits, this Court wants to give the United States a chance to respond.

**IV.  Conclusion**

For the above reasons, it is hereby

ORDERED that Rickey Lee Young Jr.'s Motion for Reconsideration, Doc. 23, is granted to the extent that this Court vacates its order and judgment dismissing his Amended Motion to Vacate, Set Aside, or Correct Sentence, Doc. 13. It is further

ORDERED that the United States shall file a response to the ineffective assistance of counsel claim asserted in Rickey Lee Young Jr.'s Amended Motion to Vacate, Set Aside, or Correct Sentence, Doc. 13, within 21 days of this Order.

DATED this 15 day of April, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE